```
                   UNITED STATES BANKRUPTCY COURT
                   FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                             )
                                   )    Chapter 7
ROBERT I. ALLEN and                )
BARBARA K. ALLEN,                  )
                                   )    Bankruptcy No. 06-00835
     Debtors.                      )
                                   )
COMMUNITY STATE BANK               )
                                   )    Adversary No. 06-9149
     Plaintiff,                    )
                                   )
vs.                                )
                                   )
LYNCH DALLAS, P.C. et al           )
                                   )
     Defendants.                   )
```

**ORDER RE: MOTION TO DISMISS PLAINTIFF'S
COMPLAINT FOR TURNOVER**

This matter came before the undersigned on November 8, 2006 on Defendants' Motion to Dismiss. Plaintiff Community State Bank ("the Bank") was represented by attorneys Ray Terpstra and Natalie Ditmars. Defendants Lynch Dallas, P.C., Janet Hong, Robert Allen, Barbara Allen and Nella, L.C. ("Defendants") were represented by attorney Janet Hong. After hearing arguments of counsel, the Court took the matter under advisement.

**STATEMENT OF THE CASE**

The Bank filed a complaint against Debtors, their former business corporation, their attorneys and Trustee. It seeks turnover of $15,000 which it asserts is collateral pledged by the corporation, Nella, L.C. The complaint also seeks to except debt from discharge under § 523(a)(6). Defendants seek dismissal of the request for turnover, asserting the Court does not have subject matter jurisdiction and the complaint fails to state a claim upon which relief can be granted.

**STATEMENT OF FACTS**

Prepetition, Debtors' corporation, Nella, L.C., operated a wholesale plant nursery. The Bank provided financing to Nella. It was secured by property of Nella, including receivables. Nella went out of business and abandoned its property to the

Bank.  Debtors, as members and managers of Nella, were personally liable for many of its debts.  Because of these personal obligations, Debtors filed their Chapter 7 petition on July 28, 2006.

Debtors paid their attorney, Janet Hong, $15,000 in July of 2006.  The Second Amended Disclosure of Compensation of Attorney filed in Debtors' Chapter 7 case states that the source of compensation was Nella, L.C.  Of the $15,000 paid, $13,452 was for Nella, L.C.'s business wind down.  The remainder was for legal services for Debtors personally.

The Bank's complaint for turnover asserts the $15,000 payment to Janet Hong was collateral of the Bank and should be turned over to the Bank.  Defendants argue that this claim should be dismissed because the Court has neither "core" nor "related to" jurisdiction.

## CONCLUSIONS OF LAW

For the court to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments.  Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993).  If the complaint is challenged on its face, the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction.  Id.  If the defendant makes a factual challenge to subject matter jurisdiction, the court may consider matters outside the pleadings such as affidavits and deposition testimony in order to determine the factual dispute.  Id.; Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990).  The plaintiff has the burden of proof that jurisdiction does in fact exist.  Osborn, 918 F.2d at 730.

## CORE AND "RELATED TO" JURISDICTION

This Court recently considered whether it had subject matter jurisdiction over a creditor's complaint against a non-debtor individual in In re Chapman Lumber Co., Inc., 343 B.R. 217, 221-22.  As stated in that case:

> Bankruptcy courts are authorized to hear "all cases under title 11 and all core proceedings arising under title 11 or arising in a case under title 11."  28 U.S.C. § 157(b)(1).  The bankruptcy judge shall determine whether a proceeding is a "core" proceeding

under § 157(b), or whether a proceeding is "related to" a case under Title 11.  28 U.S.C. § 157(b)(3). Bankruptcy courts are not authorized to entertain cases involving noncore, unrelated matters.

> In general, a core proceeding is a legal dispute between parties in interest to a bankruptcy case, one of whom is almost always the debtor.  Non-core, related proceedings are those which do not invoke a substantive right created by federal bankruptcy law and could exist outside a bankruptcy, although they may be related to a bankruptcy.

In re Farmland Industries, Inc., 296 B.R. 793, 802 (B.A.P. 8th Cir. 2003) (citations omitted).

A proceeding is "core" if it invokes a substantive right provided by Title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case. Barnett v. Stern, 909 F.2d 973, 981 (7th Cir. 1990).  For courts to assert jurisdiction over a proceeding "related to" a bankruptcy case, the proceeding must have some effect on the administration of the debtor's estate. Specialty Mills, Inc. v. Citizens State Bank, 51 F.3d 770, 774 (8th Cir. 1995). Possible effects include any matter that could alter the debtor's rights or liabilities and which in any way impacts upon the handling and administration of the bankruptcy estate. Integrated Health Servs. v. THCI Co., 417 F.3d 953, 958 (8th Cir. 2005).

In Specialty Mills, the Eighth Circuit held that "related to" jurisdiction did not exist where, no matter who prevailed in the litigation, there would be no effect on the administration of the bankruptcy estate.  51 F.3d at 774.  In In re Cinematronics, Inc., 916 F.2d 1444, 1450 (9th Cir. 1990), the court found the bankruptcy court had no jurisdiction over claims asserted against an individual, not involving the corporate debtor.  In In re Ha-Lo Indus., Inc., 330 B.R. 663, 668-69 (Bankr. N.D. Ill. 2005), the court found jurisdiction did not exist to entertain a third-party complaint where the outcome of the litigation would not affect distribution of funds to the creditors in the bankruptcy case.

Chapman Lumber, 343 B.R. at 221-22.

3

**ANALYSIS**

As a preliminary matter, the Court notes that Plaintiff has amended its complaint twice since Defendants filed their Motion to Dismiss.  Also, Defendants filed an additional Motion to Dismiss on November 21, 2006 as to the most recent pleading by the Bank.  To simplify this process, the Court will base its decision on the most recently amended Complaint filed November 13, 2006 (Doc. 20) and will consider Defendants' most recent Motion to Dismiss (Doc. 24), without further hearing.

Both parties allege the payment Debtors made to their attorney came from the corporation, Nella, L.C., a non-debtor.  The Bank asserts it constitutes part of its collateral.  Assuming that is true, ordering that payment returned to the Bank would have no effect on the administration of Debtors' bankruptcy case.  Defendants' Motion to Dismiss alleges that the Trustee has stated that the bankruptcy estate has no interest in the attorney's fees.

The Bank cites seven sections of the U.S. Code in paragraph 6 of its Second Amended Complaint as supporting this Court's jurisdiction.  Defendants' Motion to Dismiss in paragraphs 34 through 42 refutes the allegations of jurisdiction under these Code sections.  The Bank asserts this is a core proceeding in paragraph 7 of its Second Amended Complaint, under three subsections of 28 U.S.C. § 157(b)(2).  Defendants' Motion to Dismiss in paragraphs 45 through 47 refutes these assertions.  They further assert the Bank has no rights to seek turnover under 11 U.S.C. §§ 542 or 543.  The Court notes the Bank has not asserted these sections of the Bankruptcy Code as grounds for this Court's jurisdiction.

The Court concludes that the Bank has failed to allege facts which would give this Court jurisdiction under the sections it cites in its Second Amended Complaint in paragraph 6.  Defendants' section by section review of the Bank's jurisdictional assertions is well taken.  The Court has reviewed each code section cited and finds they are inapplicable to the allegations the Bank makes in section III. of its Complaint, "Turnover/Disgorgement of Fees Paid to Debtors Attorney."

This is neither a "core" proceeding nor "related to" Debtors' bankruptcy case.  The Complaint does not invoke a substantive right provided by Title 11.  If the Bank was successful in its request for turnover from Defendants, there would be no effect on the administration of Debtors' bankruptcy estate.  This Court does not have jurisdiction over the Bank's

claims asserted against Debtors' former corporation or Debtors' attorney. The Court finds the Bank's turnover claim should be dismissed.

**WHEREFORE**, Defendants' Motions to Dismiss filed November 21, 2006 (Doc. 24) and September 27, 2006 (Doc. 7) are GRANTED.

**FURTHER**, section III. of the Bank's Second Amended and Substituted Complaint for Turnover is DISMISSED.

DATED AND ENTERED: November 28, 2006

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE